Citation Nr: 1528169 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 14-28 787A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in Lexington, Kentucky


THE ISSUE

Whether the Veteran's claim seeking entitlement to payment of or reimbursement for private medical expenses incurred from September 21, 2013 through September 26, 2013, at Taylor Regional Hospital, was timely filed.


ATTORNEY FOR THE BOARD

W. Yates, Counsel



INTRODUCTION

The Veteran served on active duty from November 1953 to November 1955. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2014 rating decision by the Department of Veterans Affairs (VA) Medical Center (VAMC) in Lexington, Kentucky.

This appeal has been advanced on the Board's docket. 38 U.S.C.A. § 7107(a)(2) (West 2014).


REMAND

The Veteran is seeking payment of or reimbursement for private medical expenses incurred from September 21, 2013 through September 26, 2013, at Taylor Regional Hospital.

The Veteran's medical reimbursement file is currently incomplete. The August 2014 statement of the case noted that the Veteran's claim for reimbursement was denied by a letter mailed to the Veteran on April 11, 2014. A copy of the decision notification letter is not of record. Accordingly, the RO must associate a copy of this decision notification letter within the Veteran's file.

A claim for payment of cost of unauthorized medical services, VA Form 10-583, signed on October 17, 2013, noted that a Medicare explanation of benefits was attached. The form also indicated that Medicare had denied payment stating that the Veteran was covered by a different payor. Unfortunately, the referenced Medicare explanation of benefits is not of record. Accordingly, the RO must attempt to obtain a copy of this Medicare explanation of benefits.

The August 2014 statement of the case indicates that the reimbursement claim at issue was filed by Campbellsville Emergency Group, L.L.C., and was received on March 27, 2014. An FPPS 837 Professional Claim/EDI data display from the Campbellsville Emergency Group, L.L.C., includes a hand written notation at the top of the form that it was received on "3/27/14." The bottom of this same form, however, states "Receipt Date: 02/27/2014." Thus, the evidence of record is unclear as to what date the claim at issue herein was received. Under these circumstances, the RO must confirm and clarify the date on which the claim was received.

A review of the claims file also fails to reveal if payment for the specific medical expenses at issue were denied by the Veteran's coverage under Medicare Part A. Although there is a form in the file "Denied Part A" written on the top of it, none of the medical expenses listed on the form match the amount of medical expenses listed on the FPPS 837 Professional Claim/EDI data display from Campbellsville Emergency Group, L.L.C. Under these circumstances, the RO must clarify whether or not the specific medical expenses at issue in this appeal were denied by the Veteran's Medicare Part A coverage, and if so, the date payment of these medical expenses were denied.

Accordingly, this case is remanded for the following actions:

1. The VAMC must undertake appropriate development to obtain all records necessary to properly adjudicate this appeal and ensure that records are available for review by the Board within the Veteran's medical reimbursement file, to include a copy of the decision notification letter mailed to the Veteran on April 11, 2014.

2. The VAMC must determine whether payment was sought and denied for any of the medical expenses at issue in this appeal under the Veteran's Medicare Part A coverage; and if so, the VAMC must ascertain the date of Medicare's denial. All documentation used in making this determination should be associated with the Veteran's medical reimbursement claims file.

3. The VAMC must verify the date and upon which the Veteran's claim for medical reimbursement was received. All documentation used in making this determination should be associated with the Veteran's medical reimbursement claims file. Should two different receipt dates be noted on the documentation, as is currently the case with the FPPS 837 Professional Claim/EDI data display from the Campbellsville Emergency Group, L.L.C., the VAMC must explain this discrepancy.

4. Once the above action has been completed, and any other development as may be indicated by any response received as a consequence of the actions taken above, the claim on appeal must be adjudicated. If the benefit remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After they have had an adequate opportunity to respond, the appeal must be returned to the Board for further appellate review. 

No action is required by the Veteran until he receives further notice; however, he may present additional evidence or argument while the case is in remand status at the RO. Kutscherousky v. West, 12 Vet. App. 369 (1999).



_________________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).